1  Christopher W. Arledge (Bar No. 200767)
   Email: carledge@onellp.com
2  Peter R. Afrasiabi (Bar No. 193336)
   Email: pafrasiabi@onellp.com
3  George B. Tihin (Bar No. 259629)
   gtihin@onellp.com
4  **ONE LLP**
   4000 MacArthur Boulevard
5  West Tower, Suite 1100
   Newport Beach, California 92660
6  Telephone:  (949) 502-2870
   Facsimile:   (949) 258-5081
7
   Attorneys for Plaintiff Direct Technologies, LLC
8
                    **UNITED STATES DISTRICT COURT**
9
                   **CENTRAL DISTRICT OF CALIFORNIA**
10
                            **SOUTHERN DIVISION**
11

12
   DIRECT TECHNOLOGIES, LLC, a              Case No.
13 California limited liability company,            **SACV10-1336 MLG**
                                             **COMPLAINT FOR:**
14      Plaintiff,
                                                **(1) DECLARATORY JUDGMENT;**
15 v.                                            **(2) ACCOUNTING.**

16 ELECTRONIC ARTS, INC., a Delaware
   corporation,  and DOES 1 through 10,      **DEMAND FOR JURY TRIAL**
17 inclusive,

18      Defendants.

19      DIRECT TECHNOLOGIES, LLC ("DT" or "Plaintiff"), by and through its attorneys

20 of record, complains against ELECTRONIC ARTS, INC. ("EA") and DOES 1 through 10

21 (collectively "Defendants") alleging as follows:

22                       **JURISDICTION AND VENUE**

23      1.     This is a civil action against Defendant EA to establish ownership of a

24 copyrighted work.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338.

25      2.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28

26 U.S.C. § 1400(a) in that the claim arises in this Judicial District and the Defendants may be

27 found and transact business in this Judicial District.  Defendants are subject to the personal

28 jurisdiction of this Court because they reside in this state.

17416.1                              1
                              **COMPLAINT**

## PARTIES

3.  Plaintiff is a limited liability company existing under the laws of California, with its principal place of business located in Irvine, California in the County of Orange. DT specializes in designing and manufacturing custom USB drives.

4.  Plaintiff is informed and believes and, upon such, alleges that Defendant EA is a Delaware corporation with its corporate headquarters at 209 Redwood Shores Parkway, Redwood City, California 94065.

5.  DOES 1-10 are sued by their fictitious names herein.  When their true identity is ascertained, this Complaint will be amended to so state them.  On information and belief, the DOE defendants are those who acted in concert with EA and are alter egos or agents of EA in perpetrating the acts described herein.

## FACTS COMMON TO ALL COUNTS

6.  EA is arguably the world's premier video game maker.  One of EA's most popular games is Sims, a game in which the player creates and controls characters in a made-up world.  EA released its third version of Sims, Sims 3, in 2009.

7.  Lithomania, Inc. is a Bay Area-based broker that specializes in promotional items for businesses, often called swag.  Lithomania already had an existing business relationship with EA in May 2008 when EA expressed an interest in developing promotional materials for its pending Sims 3 release.  EA asked Lithomania to put together a proposal for custom USB drives for the Sims project in the shape of the Sims PlumbBob.

8.  The PlumbBob is a green jewel that identifies the computer character being controlled by the user when playing the Sims games.  EA claims trademark and copyright protection in the Sims PlumbBob.

9.  EA knew that it would require design work, skill and creativity to take the Sims PlumbBob, which sits on a two-dimensional computer screen, and turn it into a three-dimensional sculpture that could also serve as a case for a USB drive.  This is, at least in part, why EA asked Lithomania to make a proposal for such a project instead of handling the matter in-house.

17416.1

2

**COMPLAINT**

10. In May 2008, Lithomania contacted DT and asked for a quote and some design ideas for the PlumbBob USB Project. DT agreed to do so, and over the course of the next four months, DT put hundreds of hours into the design of the PlumbBob USB Project.

11. EA was aware of DT's efforts in that regard. Although EA may not have been aware of DT's name, EA was aware that Lithomania had a third party who was creating designs for submission to EA and EA authorized those efforts. Indeed, EA on a number of occasions reviewed DT's work product and passed along its comments and suggestions. Over this time period, EA became increasingly interested in the PlumbBob USB's as it saw the quality of DT's work. What began as a project that would involve only a few thousand PlumbBob USB's that would be given away for free to promote the new game morphed into a program under which EA would sell hundreds of thousands of the PlumbBob USB's in the collector's edition of the new Sims 3 game.

12. By August 2008, EA had approved a sample that DT had designed and had manufactured, and EA was working on putting together a purchase order for many hundreds of thousands of PlumbBob USB's. It was also in August that EA's in-house counsel first got involved in the project. By that time, all or substantially all of DT's design work had been done and a sample for the final product had been approved. Although DT had, with EA's input, been creating a work of art eligible for copyright protection under the Copyright Act, EA never asked for or received a copyright assignment from DT.

13. Instead, in August 2008, EA for the first time sent a sample vendor agreement and confidentiality and non-disclosure agreement to Lithomania and told Lithomania that it and its vendors would have to sign such forms. These agreements purported to give certain intellectual property rights to EA. Lithomania passed the sample form along to DT, but the sample form was not a final version prepared for DT's signature, DT was not expected to sign the copy it received, and DT did not sign it.

17416.1

3
**COMPLAINT**

14.     Shortly thereafter, the relationship between Lithomania and DT fell apart. Lithomania decided to look for an alternative vendor and, in the first week of September, Lithomania identified TREK 2000 as a company that could mass produce the PlumbBob USB's instead of DT. Lithomania told EA that it was moving forward with a different manufacturer.  EA approved of the change.  With EA's knowledge, Lithomania then took the sample PlumbBob USB that DT had authored and EA had approved and sent it to TREK for manufacture.

15.     Nobody told DT.  Instead, Lithomania started a campaign of deception to hide from DT the fact that DT had been cut out of the project but that Lithomania and EA still were using DT's design.  Lithomania lied on multiple occasions to cover its tracks, telling DT that the project was simply on hold and that Lithomania was in the process of getting information from EA as to the reasons why.  In reality, of course, the project was not on hold; Lithomania and EA had simply chosen to move forward with DT's design and without DT.

16.     And, still, nobody had demanded, paid for, or received from DT a copyright assignment for or permission to use DT's PlumbBob USB design.

17.     On September 23—a full two weeks after Lithomania had, with EA's approval, decided to cut DT out of the project and proceed with TREK instead— Lithomania asked DT to sign the vendor agreement and confidentiality and non-disclosure agreement.  The recitals to the vendor agreement contained a false, material statement: that Lithomania would buy custom USB drives from DT.  By September 23, of course, Lithomania had already decided that it would not buy the PlumbBob USB's from DT.

18.     Were it not for Lithomania's lies about the project being on hold, Lithomania's fraudulent concealment of the fact that DT had been cut out of the project, and Lithomania's lie in the recitals of the vendor agreement in which Lithomania said it would buy the custom USB's from DT, DT never would have signed the vendor agreement or confidentiality and non-disclosure agreement.  In addition, Lithomania never provided any consideration that could support the enforceability of these agreements.  The purported

17416.1

4

**COMPLAINT**

1  consideration—that DT would be the supplier of the custom USB drives—was illusory
2  because Lithomania and EA had elected to move forward with somebody else instead.

3       19.   Lithomania never provided the agreements DT had signed to EA.  EA never
4  entered into any agreements directly with DT.

5       20.   DT eventually discovered Lithomania's fraud when it saw the custom USB's
6  that it designed being offered for sale over the internet and, eventually, for sale in retail
7  stores.  A photograph of the DT developed USB drive next to the EA market available USB
8  drive is pictured here:



21.     DT sued Lithomania in California Superior Court for fraud and breach of contract, seeking monetary damages and rescission of the vendor and confidential and non-disclosure agreements for fraud in the inducement.  That matter has been resolved.  As part of the settlement, Lithomania and DT entered into mutual general releases.  DT now has no further obligations to Lithomania whatsoever, including any obligations arising out of or set forth in DT's agreements with Lithomania related to PlumbBob USB Project.

22.     EA has made substantial profits on its sale of the PlumbBob USB.  DT believes those profits to be in the neighborhood of $6,000,000.

## FIRST CLAIM FOR RELIEF

**(For Declaratory Judgment that DT is joint author of a copyrighted work and is entitled to an accounting of all profits related to the work)**

23.     DT incorporates paragraphs 1 through 22 above as if set forth fully herein.

24.     DT, with direction and input from EA, designed the PlumbBob USB, which is eligible for copyright protection, inter alia, under 17 U.S.C. § 102(a)(5).  DT is a joint author of that copyrighted work.

25.     As a joint author, DT is entitled to share equally in the profits derived from the copyrighted work, whether that be licensing revenue or the sale of the actual PlumbBob USB's.

26.     DT therefore asks that this Court declare that (1) DT is a joint author of the PlumbBob USB copyrighted work, and (2) DT is entitled to an equal share of the profits related to the PlumbBob USB.

## SECOND CLAIM FOR RELIEF

**(For an Accounting)**

27.     DT incorporates paragraphs 1 through 26 above as if set forth fully herein.

28.     As a joint author who is entitled to an equal share of profits related to the PlumbBob USB, DT has a right to an accounting of all revenues, costs, and profits related to the PlumbBob USB Project.  DT cannot ascertain the amounts due it without an accounting.

29.   DT is entitled to recover from EA in this lawsuit an equal share of the profits related to the PlumbBob USB Project.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1.    For a declaration pursuant to, inter alia, 17 U.S.C. §§ 101 & 201(a), that DT is a joint author of the PlumbBob USB, a copyrighted work.

2.    For a declaration that DT is entitled to an equal share of the profits related to the PlumbBob USB.

3.    For an accounting as between DT and EA.

4.    For the amount found due DT related to the PlumbBob USB.

5.    For attorneys' fees.

6.    For costs of suit.

7.    For all such other and further relief deemed appropriate by this Court.

Dated:  September 7, 2010          **ONE LLP**

By:   _____
      Christopher W. Arledge
      Attorneys for Plaintiff, Direct Technologies, LLC

17416.1

## **DEMAND FOR JURY TRIAL**

Plaintiff Direct Technologies, LLC hereby demands trial by jury of all issues so triable under the law.

Dated:  September 7, 2010        **ONE LLP**


By:  _____
Christopher W. Arledge
Attorneys for Plaintiff, Direct Technologies, LLC

17416.1

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS   (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| Direct Technologies, LLC a California limited liability company | Electronic Arts, Inc., a Delaware corporation, and DOES 1 through 10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Christopher W. Arledge (Bar No. 200767)<br>Peter R. Afrasiabi (Bar No. 193336)<br>ONE LLP<br>4000 MacArthur Blvd., Suite 1100 Newport Beach, CA 92660<br>T: (949) 502-2870 F: (949) 258-5081 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No      ☒ MONEY DEMANDED IN COMPLAINT: $ to be determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Declaratory Judgment of Ownership of a Copyright under the Copyright Act 28 U.S.C. section 1338.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:   Case Number:**  SACV 10 - 1336 MLG

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                                           CIVIL COVER SHEET                                           Page 1 of 2

CCD-JS44

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No   [ ] Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No   [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ]   A. Arise from the same or closely related transactions, happenings, or events; or

[ ]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | San Mateo County |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date September 7, 2010

Christopher W. Arledge

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |