Peter R. Afrasiabi (Bar No. 193336)
Email: pafrasiabi@onellp.com
Christopher W. Arledge (Bar No. 200767)
Email: carledge@onellp.com
ONE LLP
4000 MacArthur Boulevard
West Tower, Suite 1100
Newport Beach, California 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

Attorneys for Plaintiff,
Direct Technologies, LLC

KENDALL BRILL & KLIEGER LLP
Robert N. Klieger (192962)
Email:  rklieger@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California  90067
Telephone:  310.556.2700
Facsimile:   310.556.2705

Attorneys for Defendant
Electronic Arts Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| DIRECT TECHNOLOGIES, LLC, a California limited liability company,<br><br>  Plaintiff,<br><br>  v.<br><br>ELECTRONIC ARTS INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No. SACV 10-01336 AG (PJWx)<br><br>[PROPOSED] ORDER GRANTING JOINT STIPULATION FOR PROTECTIVE ORDER |

*This Order does not authorize the filing of documents under seal. Any party wishing to file documents under seal must apply to do so under. L.R. 79-5*

141953.1

[PROPOSED] ORDER GRANTING JOINT STIPULATION FOR PROTECTIVE ORDER

The Court recognizes that some portion of the materials expected to be produced during discovery in this action may contain confidential information for which special protection from public disclosure may be warranted. Therefore, in order to protect the confidentiality of such materials to the extent reasonable and practical, the Court hereby GRANTS the parties' Joint Stipulation for Protective Order and orders as follows:

### Good Cause Statement

1. Consistent with Federal Rule of Civil Procedure 26(c), good cause exists for the Court to enter a protective order because the dissemination or use of confidential information that is disclosed during discovery could have an adverse business or competitive impact on the parties.

### Designation of Materials

2. A party shall have the right to designate as "CONFIDENTIAL" Discovery Material that the party in good faith believes contains confidential information, the disclosure or use of which could have an adverse business or competitive impact on such party.

3. The designation of Discovery Material as "CONFIDENTIAL" shall be made by marking each page of a document with the legend "CONFIDENTIAL" prior to its production, or by any other method agreed in writing between counsel for the parties.

4. Deposition transcripts, or portions thereof, may be designated as "CONFIDENTIAL" at the time of such deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" by the reporter, as the designating party may direct. Portions of deposition transcripts may also be designated as "CONFIDENTIAL" after the deposition if inadvertently not done during the deposition, with such portions to be treated accordingly thereafter.

  (b) the parties' counsel of record in this action, the partners, members, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs;

  (c) the Court and court personnel, deposition officers, court reporters, and videographers used in connection with this action;

  (d) employees of outside copying, printing, binding, trial consulting or graphics, or similar services;

  (e) persons who have been retained by any party or his or its attorneys of record for the purpose of assisting in this action as outside consultants or experts, and who agree in writing to be bound by the terms hereof;

  (f) deposition witnesses, but only to the extent reasonably necessary and only at the deposition itself; and

  (g) such other persons as all parties may agree or may be ordered by the Court.

  10. Nothing herein shall preclude any party, its attorneys, or any other person from disclosing or using, in any manner and for any purpose, any document or information that, prior to the disclosure or use, is public information or knowledge or that is lawfully obtained from a third party having the right to disclose such document or information, even though the same document or information may have been produced in discovery in this action and designated as "CONFIDENTIAL."

### Third Party Discovery

  11. Discovery obtained from any third party in response to any subpoena shall be protected in accordance with the terms hereof if such third party requests such protection and complies with the provisions hereof.

### Use of Designated Information in Court Proceedings

  12. Unless the Court orders otherwise, all Discovery Material designated as "CONFIDENTIAL," including without limitation all documents reflecting the

*The parties must apply to file any documents under seal. See L.R. 79-5*

1 content of such Discovery Materials, that are submitted to the Court for
2 consideration in relation to a motion or other pre-trial proceeding shall be filed in
3 accordance with the provisions of Local Rule 79-5.

4     13.    Issues involving the protection of Discovery Material designated as
5 "CONFIDENTIAL" during trial in this matter shall not be governed by the terms
6 hereof and shall be presented to the Court prior to or during trial as each party
7 deems appropriate.

## Challenging Designations

9     14.    A party shall not be obligated to challenge the propriety of a
10 "CONFIDENTIAL" designation at the time such designation is made, and failure to
11 do so shall not preclude a subsequent challenge thereto.

12     15.    If a party seeks removal of or other relief from a "CONFIDENTIAL"
13 designation, the parties shall comply with the procedures set out in the Local Rules
14 for resolving such a dispute, including without limitation Local Rules 37-1 to 37-4.

## Disposition of Confidential Information

16     16.    Within sixty (60) days of the final disposition or resolution of this
17 action, each party shall either (a) assemble and return all Discovery Material
18 designated "CONFIDENTIAL," including all copies, to the party from which the
19 designated material was obtained, or (b) destroy all such Discovery Material, at the
20 option of the party in possession thereof.

21     17.    Notwithstanding the foregoing, the outside attorneys of record for each
22 party may retain for its archives (a) all pleadings, affidavits, declarations, briefs,
23 memoranda, expert reports, and exhibits and other papers filed in this action; (b)
24 transcripts of all testimony taken at any depositions, hearings, or trial; and (c) all of
25 its own work product generated in connection with this action.

## Disclosure Pursuant to Subpoena or Other Compulsory Process

27     18.    If a party receives a subpoena or other compulsory process
28 commanding the production of Discovery Material designated as

"CONFIDENTIAL," that party shall promptly notify the designating party. The party receiving the subpoena or other compulsory process shall not produce any such Discovery Material in response to the subpoena or other compulsory process without providing the designating party reasonable notice so that party can timely object to the disclosure if it chooses. The party receiving the subpoena or other compulsory process shall not object to the designating party having a reasonable opportunity to appear in the litigation or process seeking disclosure of Discovery Material designated as "CONFIDENTIAL," at the designating party's sole expense, for the purpose of seeking to prevent or restrict disclosure thereof

19. The parties agree that to the extent materials from the *Direct Technologies v. Lithomania* state court litigation are produced in this case, that any designations from that case's protective order will be honored by the parties in accordance with that protective order.

### Other Orders

20. Nothing herein shall prevent any party from applying to the Court for further or additional protective orders.

IT IS SO ORDERED.

Dated: 9/26/13

Hon. Patrick J. Walsh
United States Magistrate Judge